# Supreme Court of Florida

_____

No. SC19-520

_____

**IN RE: AMENDMENTS TO RULE REGULATING THE FLORIDA BAR 20-3.1 (REQUIREMENTS FOR REGISTRATION).**

September 19, 2019

PER CURIAM.

The Florida Bar petitions the Court to amend Rule Regulating the Florida Bar (Bar Rule) 20-3.1 (Requirements for Registration). We have jurisdiction. *See* art. V, § 15, Fla. Const.

The Bar proposes amending Bar Rule 20-3.1 to allow all lawyers licensed to practice law in a state other than Florida to become registered paralegals, irrespective of whether they are members of a state bar association. Specifically, the Bar's proposal replaces the phrase "with a state bar association other than Florida's" in subdivision (a)(6) of the rule with the phrase "in a United States jurisdiction other than Florida." The Bar's proposal also replaces the word "associate's" in subdivisions (a)(3) and (a)(4) of Bar Rule 20-3.1 with "associate,"

and replaces the word "membership" in subdivision (a)(6) of the rule with "licensure."

Having considered the amendments proposed by the Bar, the Court hereby adopts these straightforward amendments to Bar Rule 20-3.1 as proposed by the Bar. The amendments correct the Court's unintentional narrowing of the rule's scope in *In re Amendments to Rules Regulating the Florida Bar—Biennial Petition*, 267 So. 3d 891 (Fla. 2019). Our modification of the Bar's proposal to amend Bar Rule 20-3.1(a)(6) in that case to require membership in a state bar association as a prerequisite to a lawyer licensed in a jurisdiction other than Florida becoming a registered paralegal unintentionally precluded lawyers from the nineteen states where state bar membership is not mandatory from obtaining the same benefit. The amendments we adopt today correct this oversight and extend the scope of Bar Rule 20-3.1(a)(6) to include lawyers licensed to practice law in the nineteen states that do not require state bar membership, thus allowing all lawyers licensed to practice law in a jurisdiction other than Florida to become a registered paralegal.

Accordingly, Rule Regulating the Florida Bar 20-3.1 is amended as set forth in the appendix to this opinion. Deletions are indicated by struck-through type, and new language is indicated by underscoring. The amendments shall become effective immediately upon release of this opinion.

It is so ordered.

CANADY, C.J., and POLSTON, LABARGA, LAWSON, LAGOA, LUCK, and MUÑIZ, JJ., concur.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

Original Proceeding – Florida Rules Regulating the Florida Bar

Joshua E. Doyle, Executive Director, John M. Stewart, President, Dori Foster-Morales, President-elect, Lori S. Holcomb, Director, Division of Ethics and Consumer Protection, Shannon R. Fleming, Assistant Florida Registered Paralegal Counsel, and Elizabeth Clark Tarbert, Ethics Counsel, The Florida Bar, Tallahassee, Florida,

    for Petitioner

**APPENDIX**

**RULES REGULATING THE FLORIDA BAR**

**CHAPTER 20 FLORIDA REGISTERED PARALEGAL PROGRAM**
**20-3 ELIGIBILITY REQUIREMENTS**
**RULE 20-3.1 REQUIREMENTS FOR REGISTRATION**

In order to be a Florida Registered Paralegal under this chapter, an individual must meet 1 of the following requirements.

**(a) Educational and Work Experience Requirements.** A person may become a Florida Registered Paralegal by meeting 1 of the following education and paralegal work experience requirements:

(1) a bachelor's degree in paralegal studies from an approved paralegal program, plus a minimum of 1 year of paralegal work experience;

(2) a bachelor's degree or higher degree other than a juris doctorate from an institution accredited by a nationally recognized accrediting agency approved by the United States Department of Education or the Florida Department of Education, plus a minimum of 3 years of paralegal work experience;

(3) an ~~associate's~~associate degree in paralegal studies from an approved paralegal program, plus a minimum of 2 years of paralegal work experience;

(4) an ~~associate's~~associate degree from an institution accredited by a nationally recognized accrediting agency approved by the United States Department of Education or the Florida Department of Education, plus a minimum of 4 years of paralegal work experience;

(5) a juris doctorate degree from an American Bar Association accredited institution, plus a minimum of 1 year of paralegal work experience; or

(6) a juris doctorate degree from an American Bar Association accredited institution and ~~membership~~licensure in good standing ~~with a state bar association other than Florida's~~in a United States jurisdiction other than Florida, with no minimum paralegal work experience.

**(b) Certification.** A person may become a Florida Registered Paralegal by obtaining 1 of the following certifications:

(1)  successful completion of the Paralegal Advanced Competency Exam (PACE certification as offered by the National Federation of Paralegal Associations "NFPA") and good standing with NFPA; or

(2)  successful completion of the Certified Legal Assistant/Certified Paralegal examination (CLA/CP certification as offered by the National Association of Legal Assistants "NALA") and good standing with NALA.

**(c)  Grandfathering Reapplication.** A paralegal who was registered under the grandfathering provision on or prior to March 1, 2011, who resigns or whose registration is revoked may reapply based on work experience alone. The paralegal must provide work experience as defined elsewhere in these rules for 5 of the 8 years immediately preceding the date of reapplication.